Adekunle BALOGUN, Petitioner,

v.

Alberto R. GONZALES, Attorney General,* Respondent.

No. 03–74046.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided April 18, 2005.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Joseph L. Lemon, Jr., Esq., Heller Ehrman White & McAuliffe LLP, Menlo Park, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, James A. Hunolt, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LAY,[**] B. FLETCHER, and HAWKINS, Circuit Judges.

## MEMORANDUM [***]

Petitioner Adekunle Balogun ("Balogun"), a native of Nigeria, seeks review of the Board of Immigration Appeals's ("BIA's") affirmance of an Immigration Judge's ("IJ's") order of removal based on Balogun's presence in the United States without having been admitted or paroled, and his conviction of a crime involving moral turpitude. Balogun also seeks review of the IJ's and BIA's denial of asylum, withholding of removal under the INA and under the Convention Against Torture ("CAT"), deferral under CAT, adjustment of status under INA § 245(a), waiver of inadmissibility under INA § 212(h), and voluntary departure.

The IJ found that Balogun's conviction for credit card fraud, resulting in over $97,000 in loss to his victims, was a crime of moral turpitude. Balogun's failure to raise this issue in his brief to the BIA constitutes both a waiver of and a failure to exhaust his administrative remedies. Balogun's crime was one of moral turpitude. The crime was also an aggravated felony under 8 U.S.C. § 1101(a)(43)(M), because it involved fraud in which the loss to the victims exceeded $10,000. It was also a particularly serious crime. Balogun also failed to demonstrate that it is more likely than not that he will be subjected to torture if removed to Nigeria. Accordingly, Balogun is ineligible for asylum, withholding under the INA and under CAT, and deferral under CAT.

The BIA did not err in ordering removability based in part on Balogun's presence in the United States without having been admitted or paroled. Because Balogun was not admitted, he is ineligible for adjustment of status under INA § 245(a). Finally, this court does not have jurisdiction over the BIA's discretionary denial of waiver under INA § 212(h), or its denial of

---

[**] The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the

voluntary departure.[1]

PETITION DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Balogun's Request to Take Judicial Notice and his Motion to Supplement the Record are denied as moot.

